# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ITPEU Pension Fund, et al.

## DEFENDANTS
Paragon Systems, Inc. and TNG Associates, LLC

**(b)** County of Residence of First Listed Plaintiff: **Union County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Susan A. Murray, Esq. & Vlad K. Kachka, Esq. - Freedman & Lorry, P.C.
1601 Market St., Suite 1500, Philadelphia, PA 19103, (215)-925-8400
smurray@freedmanlorry.com, vkachka@freedmanlorry.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 790 Other Labor Litigation | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☒ 791 Employee Retirement Income Security Act | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| | | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 1132 and 1145
Brief description of cause:
Collection of contractually obligated contributions owed to the benefit funds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____
DOCKET NUMBER _____

DATE: 01/21/2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

FREEDMAN AND LORRY, P.C.
BY:
SUSAN A. MURRAY, ESQUIRE (SM-7713)
VLAD K. KACHKA, ESQUIRE (VK-7045)
1601 Market Street, 15th Floor
Philadelphia, PA  19103
(215) 925-8400
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ITPEU PENSION FUND, by and through its Board of Trustees, Co-Chairmen DENNIS ARRINGTON and JERRY BOWDEN<br>216 North Ave. East, 2nd Fl.<br>Cranford, NJ  07016,<br><br>and<br><br>ITPEU HEALTH AND WELFARE FUND, by and Through its Board of Trustees, Co-Chairmen DENNIS ARRINGTON and HAROLD GELBER<br>25 Chatham Center South, Ste. 101<br>Savannah, GA 31405,<br><br>                   Plaintiffs,<br><br>v.<br><br>PARAGON SYSTEMS, INC.<br>13900 Lincoln Park Drive, Suite 300<br>Herndon, VA 20171<br><br>and<br><br>TNG ASSOCIATES, LLC<br>104 June Land Drive<br>Jarrell, TX 76537<br><br>                   Defendants. | CIVIL ACTION No. _____ |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain about Defendants as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under LMRA, 29 U.S.C. § 185(a) and (c), ERISA 29 U.S.C. § 1132, 29 U.S.C. §1145, 28 U.S.C § 1367, and the pendent jurisdiction of the Court.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by Certified Mail.

## VENUE

3. Venue lies in the United States District Court for the District of New Jersey under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4. Plaintiff, ITPEU Pension Fund, by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Jerry Bowden ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (2)(A) and (3). Dennis Arrington and Jerry Bowden, are trustees and fiduciaries with respect to the Pension Fund within the meaning of 29 U.S.C. § 1002 (21). They are authorized to bring this action on behalf of all Trustees of the Pension Fund. The Pension Fund is administered in the District of New Jersey at the address listed in the caption.

5. Plaintiff, ITPEU Health and Welfare Fund, by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Harold Gelber ("Welfare Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1) and (3). Dennis Arrington and Harold Gelber are trustees and fiduciaries with respect to the Welfare Fund within the meaning of 29 U.S.C. § 1002 (21).

2

They are authorized to bring this action on behalf of all Trustees of the Welfare Fund. The Welfare Fund is administered at the address listed in the caption.

6. Defendant Paragon Systems, Inc. (hereinafter "Paragon") is an employer in an industry affecting commerce with the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11) and (12) with a business address as listed in the caption.

7. Defendant TNG Associates, LLC (hereinafter "TNG") is an employer in an industry affecting commerce with the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11) and (12) with a business address as listed in the caption.

## FACTS

### A. Paragon and TNG Failed to Pay Contributions Owed to the Funds.

8. The Industrial, Technical, and Professional Employees Union, OPEIU Local 4873, AFL-CIO ("ITPEU") is a labor organization, as defined by Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5). At all times relevant to this action, Paragon and ITPEU were parties to a Collective Bargaining Agreement which dictated the terms and conditions of employment for a bargaining unit consisting of security guards employed by Paragon in the El Paso, Texas vicinity under Paragon's federal contract with the Department of Homeland Security, Federal Protective Services (herein referred to as the "Labor Contract"). The Federal Contract number is HSHQC7-16-D-00001. The term of the agreement began on September 1, 2016 and ended on July 31, 2019. A true and correct of copy the Labor Contract is hereto attached as Exhibit "1."

9. At all times relevant to this action, TNG was a subcontractor for Paragon. TNG similarly employed security guards to provide services under the above-mentioned federal contract. TNG and ITPEU were parties to a Memorandum of Acceptance under which TNG

3

agreed the terms and conditions of employment for security guards under the Labor Contract would apply to its own security guards employed to provide services under federal contract HSHQC7-16-D-00001. TNG also agreed to abide by and adopt all terms imposed upon Paragon under the Labor Contract. A true and correct of copy the Memorandum of Acceptance is hereto attached as Exhibit "2."

10.     Paragon and TNG signed or agreed to abide by the terms of the Declarations of Trust of the Funds as from time to time amended ("Trust Agreements") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations. Paragon and TNG, as federal contractors, were also required to abide by the McNamara-O'Hara Service Contract Act of 1965.

11.     Under the Trust Agreement or Article 15 of the Labor Contract, Paragon and TNG agreed:

(a) To make full and timely payments on a monthly basis to the Funds as required by the Labor Contract or Trust Agreement;

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract or Trust Agreement;

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of their respective records concerning its obligations to the Funds; and

(d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of their respective failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

A true and correct copy of the Trust Agreements is hereto attached as Exhibit "3."

4

12. On May 3, 2019, the International Union, Security, Police and Fire Professional of America ("SPFPA") filed an RC petition with Region 28 of the National Labor Relations Board ("NLRB"), which petitioned the NLRB to conduct a representation election certifying the SPFPA as the security guards' collective bargaining representative. During a June 24, 2019 rerun election, the majority of voting employees voted in favor of being represented by the SPFPA. On July 3, 2019, the NLRB certified the SPFPA as the new bargaining representative for the bargaining unit.

13. Even though the Labor Contract did not terminate until July 31, 2019, Paragon and TNG failed to make contributions to the Pension Fund and Welfare Fund for July of 2019 and to submit contribution reports for July of 2019, delaying payment of benefits.

14. The Pension Fund and Welfare Fund continued to offer the bargaining unit's employees benefits throughout July 31, 2019.

15. At least five bargaining unit employees submitted health insurance claims to and received benefits from the Welfare Fund between July 1, 2019 and July 31, 2019.

16. Pursuant the opinion of the U.S. Court of Appeal for the Seventh Circuit in *Midwest Operating Engineers Welfare Fund v. Cleveland Quarry*, an employer's obligations to a benefit fund survives termination of a union's right to represent employees, such as the result of decertification or withdrawal of recognition. 844 F.3d 627 (7th Cir. 2016). The Seventh Circuit held that, while a collective bargaining agreement is not enforceable by a labor union after the union is no longer a bargaining unit's bargaining representative, the agreement does not cease until its expiration date. *Id.* at 630. Therefore, Paragon's and TNG's obligations to the Funds, as third-party beneficiaries, continued until the Labor Contract's termination date.

17. In a July 25, 2019 letter to Laura Hagan, Paragon's General Counsel/Vice President, Fund Counsel notified Paragon that the Funds expected to receive contributions for July

of 2019 because the Labor Contract did not terminate until July 31, 2019. A true and correct of copy the letter is hereto attached as Exhibit "4."

18. After Paragon and TNG failed to timely remit contributions for July of 2019, the Funds demanded that Paragon and TNG comply with its obligations under the Labor Contract and pay contributions owed through July 31, 2019.

19. Paragon and TNG have averred that their respective obligation to contribute to the Funds terminated on July 1, 2019.

20. In a September 23, 2019 letter, TNG informed the Funds that, effective July 1, 2019, it began submitting benefit contributions to the SPFPA's benefit funds, instead of the ITPEU Funds.

21. Paragon similarly informed the Funds that, effective July 1, 2019, Paragon began submitting benefit contributions to the SPFPA's benefit funds, instead of the ITPEU Funds.

22. In a September 30, 2019 email to the ITPEU Contribution Department, Jose A. Torres, Paragon's Payroll Manager, stated that the check for the July of 2019 contributions "was voided because the contribution ended 07/01/2019." A true and correct of copy the September 30, 2019 email is hereto attached as Exhibit "6."

23. In a November 6, 2019 letter to Ms. Hagan, Fund Counsel presented Paragon a final demand for contributions owed. In a November 7, 2019 to Fund Counsel, Ms. Hagan replied that Paragon was "advised immediately upon certification of the new representative [SPFPA] that ITPEU would no longer provide medical coverage to the employees" and Paragon had to contribute to the SPFPA's health and welfare fund to maintain the employee's health insurance coverage. The email also asked if the Welfare Fund maintained coverage for the employees through July 31, 2019. In a November 12, 2019 email, Fund Counsel notified Ms. Hagan that the

Funds maintained benefits coverage for employees through July 31, 2019. A true and correct of copy the November 6, 2019 letter and follow-up email correspondence is hereto attached as Exhibit "7."

24. No Fund or ITPEU representative advised Paragon or TNG that benefits coverage for the security guards under the Welfare Fund or Pension Fund would terminate immediately upon SPFPA's certification as the bargaining unit's representative or otherwise before July 31, 2019.

25. In a further attempt to reconcile the parties' dispute without resorting to litigation, on January 10, 2020, Fund Counsel emailed records to Paragon showing that the Welfare Fund maintained health and welfare benefits for the subject employees during July of 2019.

26. As of the date this Complaint, the Pension Fund and the Welfare Fund have not received contributions owed for July 2019 from Paragon or TNG.

**B. Paragon Failed to Comply with a Lawful Audit Demanded by the Funds.**

27. As part of their fiduciary duties under ERISA, the Trustees are required to conduct periodic examinations of payroll records of contributing employees in order to determine whether such employers are making all required contributions.

28. On or about October 31, 2018, Fund Counsel informed Paragon that it was selected by the Trustees for an examination of its payroll records for all installations where Paragon was obligated to contribute to the Funds.

29. Paragon has refused to provide all requested documents to the accounting firm selected to conduct the examination of payroll records, despite numerous requests by the Funds.

30. The Plaintiffs cannot accurately determine the crediting of contributions with the contribution reports provided by Paragon without an audit. The Funds are only requesting that the

7

contribution reports comply with industry standards. The Funds have been unsuccessful in their attempts to amicably resolve the issues relating to the contribution reports.

31. In the above-mentioned November 6, 2019 letter to Ms. Hagan, Fund Counsel issued a final demand that Paragon cooperate with the audit.

32. As of the date of this Complaint, despite the Funds' correspondence, Paragon continues to ignore its obligations by not providing the auditors all documents needed to complete the audit.

## COUNT I

## <u>CONTRIBUTIONS UNDER CONTRACT BY PARAGON – SUM CERTAIN</u>

33. The allegations of Paragraphs 1 through 32 are incorporated by reference as if fully restated.

34. Paragon owes the Welfare Fund at least a sum of $70,870.56 and the Pension Fund at least the sum of $16,400.00 for the non-payment of contributions for the period from July 1, 2019 to July 31, 2019, plus interest and liquidated damages due under the Labor Contract or Trust Agreement.

35. The Paragon has not paid the Funds as required by the Labor Contract or Trust Agreement.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against Paragon and in favor of the Welfare Fund for at least $70,870.56 and the Pension Fund for at least $16,400.00, together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II
## CONTRIBUTIONS UNDER ERISA BY PARAGON – SUM CERTAIN

36. The allegations of Paragraph 1 through 35 are incorporated by reference as if fully restated.

37. Paragon has failed to pay contributions to the Funds in violation of 29 U.S.C. § 1145.

38. Paragon owes the Welfare Fund at least a sum of $70,870.56 and the Pension Fund at least the sum of $16,400.00 for the non-payment of contributions for the period from July 1, 2019 to July 31, 2019 and any unpaid liquidated damages due under the Labor Contract or Trust Agreement. In addition, Paragon has failed to submit remittance reports in violation of the Labor Contract and trust agreements.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against Paragon and in favor of the Welfare Fund for at least $70,870.56 and the Pension Fund for at least the sum of $16,400.00, together with interest at the rate prescribed by 26 U.S.C. § 6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III

## <u>AUDIT – PARAGON</u>

39. The allegations of Paragraph 1 through 38 are incorporated by reference as if fully restated.

40. Paragon is obligated to permit the Funds to audit its records and to cooperate in determining the contributions owed to the Funds.

41. The amount of contributions Paragon is required to pay to the Funds is based upon hours worked and wages paid to employees performing work covered by the Labor Contract. Contributing Employers to the Funds submit contributions and remittance reports on a self-reporting basis. The Trustees of the Funds are required to have random compliance payroll audits of Contributing Employers as part of their fiduciary duties.

42. The books, records and information necessary to perform the compliance audit of Paragon are in the exclusive possession, custody and control of Paragon.

43. Paragon has failed to provide the requested documents demanded for the period of January 1, 2018 to July 31, 2019.

44. Paragon is required by the Labor Contract, Trust Agreements or applicable law to permit the Funds to audit its records and to cooperate in determining the contributions due the Funds.

45. All conditions precedent to equitable relief have been satisfied.

WHEREFORE, Plaintiffs ask that the Court:

(a) Enjoin Paragon, Paragon's officers, agents, servants, employees, attorneys and all others in active concert or participation with it to permit an audit of all records under the actual or

constructive control of Paragon and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and;

(b) Grant such other or further relief, legal or equitable, as is just, necessary or appropriate.

## COUNT IV

## CONTRIBUTIONS UNDER CONTRACT BY PARAGON AFTER AUDIT

46. The allegations of Paragraph 1 through 45 are incorporated by reference as if fully restated.

47. On information and belief, Paragon has failed to make contributions to the Funds as required by its Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

48. On information and belief, the Funds have been damaged by the failure of Paragon to make contributions as required by the Labor Contract or Trust Agreements and the failure to submit to a compliance payroll audit.

WHEREFORE, Plaintiffs ask that the Court:

(a) After an audit, enter judgment against Paragon and in favor of the Funds for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(b) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate, including the requirement for Paragon to submit contribution reports in compliance with industry standards.

## COUNT V

### CONTRIBUTIONS UNDER ERISA AFTER AUDIT – PARAGON

49. The allegations of Paragraph 1 through 48 are incorporated by reference as if fully restated.

50. On information and belief, Paragon has failed to make contributions to the Funds in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

51. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Paragon's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of Paragon.

52. On information and belief, the Funds have been damaged by Paragon's violation of 29 U.S.C. §1145.

WHEREFORE, Plaintiffs ask that the Court:

(a) After an audit, enter judgment against Paragon and in favor of the Funds for contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(b) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI

## **CONTRIBUTIONS UNDER CONTRACT BY TNG – SUM CERTAIN**

53. The allegations of Paragraphs 1 through 52 are incorporated by reference as if fully restated.

54. TNG owes the Welfare Fund at least a sum of $6,345.70 and the Pension Fund at least the sum of $1,400.00 for the non-payment of contributions for the period from July 1, 2019 to July 31, 2019 and any unpaid liquidated damages due under the Labor Contract or Trust Agreement. In addition, TNG has failed to submit remittance reports in violation of the Labor Contract and trust agreements.

55. The TNG has not paid the Funds as required by the Labor Contract or Trust Agreement.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against TNG and in favor of the Welfare Fund for at least $6,345.70 and the Pension Fund for at least the sum of $1,400.00, together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(2) Enjoin TNG, TNG's officers, agents, servants, employees, attorneys and all others in active concert or participation with it to submit remittance reports to the Funds as required by the Labor Contract and trust agreements.

(3) After TNG submits the remittance reports, enter judgment against TNG and in favor of the Funds for further contributions found due and owing by the remittance reports, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions

or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(4) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VII

### CONTRIBUTIONS UNDER ERISA BY TNG – SUM CERTAIN

56. The allegations of Paragraph 1 through 55 are incorporated by reference as if fully restated.

57. TNG has failed to pay contributions to the Funds in violation of 29 U.S.C. § 1145.

58. TNG owes the Welfare Fund at least a sum of $6,345.70 and the Pension Fund at least the sum of $ 1,400.00 for the non-payment of contributions for the period from July 1, 2019 to July 31, 2019 and any unpaid liquidated damages due under the Labor Contract or Trust Agreement. In addition, TNG has failed to submit remittance reports in violation of the Labor Contract and trust agreements.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against TNG and in favor of the Welfare Fund for at least a sum of $6,345.70 and the Pension Fund for at least the sum of $1,400.00 together with interest at the rate prescribed by 26 U.S.C. § 6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2) Enjoin TNG, TNG's officers, agents, servants, employees, attorneys and all others in active concert or participation with it to submit remittance reports to the Funds as required by the Labor Contract and trust agreements.

(3) After TNG submits the remittance reports, enter judgment against TNG and in favor of the Funds for further contributions found due and owing by the remittance reports, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(4) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

FREEDMAN AND LORRY, P.C.

BY: _____
SUSAN A. MURRAY, ESQUIRE
Attorney for Plaintiffs

Date: __January 21__, 2020